**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 30 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

JOSE AUGUSTO MEJIA,

        Petitioner,

    v.

MERRICK B. GARLAND, Attorney
General,

        Respondent.

No. 21-184

Agency No.
A095-010-506

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 16, 2023[**]

Before:    BENNETT, MILLER, and VANDYKE, Circuit Judges.

Jose Augusto Mejia, a native and citizen of Honduras, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his applications for

cancellation of removal, asylum, withholding of removal, and protection under

the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C.

---

    [*]    This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny the petition for review.

Because Mejia does not challenge the agency's denial of his application for cancellation of removal, we do not address it. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013).

The record does not compel the conclusion that Mejia established changed or extraordinary circumstances to excuse the untimely asylum application. *See Singh v. Holder*, 649 F.3d 1161, 1164-65 (9th Cir. 2011) (en banc) (court retained jurisdiction to review legal or constitutional questions related to the one-year filing deadline); 8 C.F.R. § 1208.4(a)(4)-(5) (changed and extraordinary circumstances); *Alquijay v. Garland*, 40 F.4th 1099, 1103-04 (9th Cir. 2022) (applicant's ignorance of the legal requirements did not constitute an extraordinary circumstance). Thus, Mejia's asylum claim fails.

Substantial evidence supports the agency's denial of withholding of removal because Mejia failed to show a clear probability of future persecution. *See, e.g.*, *Tamang v. Holder*, 598 F.3d 1083, 1094-95 (9th Cir. 2010) (fear of future persecution was not objectively reasonable); *Sharma v. Garland*, 9 F.4th 1052, 1066 (9th Cir. 2021) ("The ongoing safety of family members in the petitioner's native country undermines a reasonable fear of future persecution."). Thus, Mejia's withholding of removal claim fails.

We do not address Mejia's contentions as to the cognizability of his

2

proposed particular social group because the BIA did not deny relief on that ground. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

Substantial evidence also supports the agency's denial of CAT protection because Mejia failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Honduras. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009) (no likelihood of torture).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**